## LORD v. GADDIS.

1. STIPULATED AND ACTUAL DAMAGES. In an action on a contract, by the terms of which the parties were respectively bound " in the penal sum of five hundred dollars, as fixed damages, to be paid by the party failing to perform " his part of any of the several covenants therein set forth, *actual* damages only, as shown by the evidence, can be recovered.
2. *Foley* v. *McKeegan*, 4 Iowa 1 approved.

*Appeal from Polk District Court.*

THURSDAY, OCTOBER 13.

The plaintiff claims one thousand dollars, upon an agreement of the following purport: Plaintiff bargains and sells to defendant a stock of hardware in Des Moines, for the prices, and upon the conditions following: price to equal

prime cost and transportation, added — to be paid in four equal payments; in six, nine, twelve and eighteen months, with ten per cent interest, according to four promissory notes, to be executed by defendant, with good and sufficient sureties. Plaintiff was to deliver the goods as soon as they could be inventoried, and their cost, adding transportation, ascertained, and when the defendant delivered the notes, secured as aforesaid. Defendant undertook to purchase, and take the goods upon these terms, and to execute the notes in the manner and form above required. And then follows these words:

"And for the faithful performance of each, and every of the bargains, covenants and agreements, herein contained, the parties hereto, do hereby bind themselves, each to the other, and to their heirs and administrators respectively, in the penal sum of five hundred dollars as fixed damages, to be paid by the party failing to perform his part, or any of his covenants herein covenanted, to the other party."

The petition avers compliance on the part of plaintiff with the agreement, and a failure on the part of defendant to perform any part of it. This is denied by the answer.

On the trial plaintiff asked the court to instruct: "That if the jury find for the plaintiff, the measure of damages is five hundred dollars as stipulated damages, to which in their discretion they may add six per cent interest from the time of the breach." This was refused, the court holding the measure to be the actual damages shown by the evidence. Verdict for plaintiff (a nominal sum) and he appeals.

*Cole & Jewett*, for the appellant, insisted that the damages are stipulated, and cited the following authorities: *Nobles* v. *Bates* 7 Cow. 307; *Slossen* v. *Beadle*, 7 Johns. 72; *Hasbrouk* v. *Tappen*, 15 Ib. 200; *Smith* v. *Smith*. 4 Wend. 468; *Knapp* v. *Malthy*, 13 Ib. 587; *Dakin* v. *Williams*, 17 Ib. 447; *Williams* v. *Dakin*, 22 Ib. 207; *Pearson* v. *William's admr.*, 26 Ib. 630; *Mott* v. *Mott*, 11 Barb. 127; 2 vol. Greenl. Ev. section 259; 2 Story's Eq. section 1318; 2 Parsons on Contr. 344.

*S. V. White*, for the appellee, relied upon the following anthorities : Sedg. on Meas. Dam. page 399–421; *Foley* v. *McKegan*, 4 Iowa 1, and cases there cited ; *Asley* v. *Mulden* 2 Bos. Pul. 346 ; *Bently* v. *Jones*, 1 Bing. 302 ; *Devin* v. *Cumins*, 3 John. Ch. Cases 297 ; *Slosson* v. *Beadle*, 7 John. R. 72.

WRIGHT, C. J. — The question made in the case is fully examined and settled in *Foley* v. *McKeegan*, 4 Iowa 1. The ruling there made and the authorities cited clearly sustain the construction given to this agreement by the court below. We deem it unnecessary therefore to again discuss the points made.

The judgment is affirmed.